**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Aaronray James MIGUEL, Defendant—Appellant.**

No. 03–10056.

D.C. No. CR–00–01198–JAT.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 2, 2003.

Decided Jan. 30, 2004.

William Allen Stooks, Michael Kemp, USPX–Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Cynthia Ann Leyh, Leyh Billar Sternberg, Phoenix, AZ, for Defendant–Appellant.

Before O'SCANNLAIN, HAWKINS, and FISHER, Circuit Judges.

## MEMORANDUM *

Miguel appeals from his conviction for Second Degree Murder, with a special jury finding that the murder was motivated in substantial part by the victim's actual or perceived sexual orientation. He asserts that the district court erred by (i) finding his post-arrest statements to be voluntary; (ii) permitting the introduction of cumulative evidence; and (iii) permitting the introduction of allegedly prejudicial photographs of the victim's corpse. In addition, he asserts that (iv) his counsel was ineffective. Because the relevant facts are known to the parties they are not repeated here.

### I

■ The court reviews de novo the voluntariness of a criminal suspect's statements to the police, *United States v. Okafor*, 285 F.3d 842, 846–47 (9th Cir.2002), and reviews a district court's credibility determinations and findings of historical fact for clear error, *United States v. Oba*, 978 F.2d 1123, 1125 (9th Cir.1992), giving "special deference to the district court's credibility determinations." *United States v. Nelson*, 137 F.3d 1094, 1110 (9th Cir. 1998). Having reviewed the pertinent testimony, we find no basis to disturb the district court's findings that the defendant was neither intoxicated nor impermissibly coerced by threat into making his inculpatory statement to the investigators. While we are mindful of this court's decision in *United States v. Harrison*, 34 F.3d 886 (9th Cir.1994), that case involved a police threat to tell the judge of the defendant's non-cooperation if she persisted in maintaining her constitutionally-guaranteed silence. *Id.* at 891. Miguel, in contrast, was already voluntarily making a lengthy statement, and there was no indication that anyone would be improperly informed if he chose not to cooperate. While taking down Miguel's statement, Agent Kobel described physical evidence that was potentially contradictory and explained to Miguel that "it wouldn't look good for him" if the DNA evidence implicated him in the homicide. The district court found that the investigator's statements were not "threatening in nature but simply a matter of fact and explaining to the defendant the sequence of events." There is no constitutional bar to an agent's explaining that a defendant's statement will be taken to the prosecutors—as it must be—and tested against the physical evidence.

### II

■ Miguel's claim that the district court impermissibly admitted cumulative evidence is meritless. Rule 403's cumulative evidence provision does not prohibit the introduction of cumulative evidence; rather, it merely permits courts to exclude cumulative evidence when it has little incremental value. *See* Fed.R.Evid. 403 ("evidence may be excluded if its probative value is substantially outweighed ... by

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

considerations of undue delay, waste of time, or needless presentation of cumulative evidence"). We therefore apply standard unfair prejudice analysis under Rule 403. Plainly the officer's testimony was probative, and there is no basis to find that it was unfairly prejudicial under the applicable rule.

### III

The photographs of the victim's corpse were relevant to the cause and manner of death, to the time of death, and to the question of whether the crime was conducted in a depraved and heinous manner indicative of a hate crime. The photographs were not "of such a gruesome and horrifying nature that [their] probative value was outweighed by the danger of inflaming the jury." *Maxwell v. United States*, 368 F.2d 735, 740 (9th Cir.1966). *See, e.g., United States v. Boise*, 916 F.2d 497, 504 (9th Cir.1990); *United States v. Bowers*, 660 F.2d 527, 529–30 (5th Cir. 1981); and *Batchelor v. Cupp*, 693 F.2d 859, 865 (9th Cir.1982).

### IV

Finally, "[t]he customary procedure for raising a claim of ineffective assistance of counsel in this Circuit is by collateral attack under 28 U.S.C. § 2255. We prefer appellants to raise such claims in a habeas proceeding because it permits the district judge first to decide whether the claim has merit, and second, if it does, to develop a record as to what counsel did, why it was done, and what, if any, prejudice resulted." *United States v. Molina*, 934 F.2d 1440, 1446 (9th Cir.1991) (internal citations omitted). While we may address ineffectiveness claims on direct appeal "where the record is sufficiently developed to permit

determination of the issue or where legal representation is so inadequate that the defendant obviously was denied his Sixth Amendment right to counsel," Miguel has made no such showing. *United States v. Sager*, 227 F.3d 1138, 1149 (9th Cir.2000). Accordingly, we decline to decide the ineffective assistance of counsel claim.

**AFFIRMED.**